IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**LEONARDO GUTIERREZ**           *
    Petitioner,
v.                                *   CIVIL ACTION NO. PWG-13-35

**FLORIDA STATE**                 *
    Respondent.
                          ***

## MEMORANDUM OPINION

This Memorandum Opinion addresses the self-represented pleading received by the Clerk on January 2, 2013, captioned as a "Petition for Writ of Certiorari under All Writs Act 28 U.S.C. § 1561[1] Consolidated with Habeas Corpus under 28 U.S.C. § 2241."[2] (ECF No. 1). Petitioner, who claims that he is currently being detained in Maryland[3] by the Department of Homeland Security ("DHS") Immigration and Customs Enforcement ("ICE") pending deportation and removal proceedings, seeks to challenge his 2010 state court convictions in Osceola County, Florida.[4] (*Id.*).

Petitioner is a native and citizen of Venezuela. He claims that in 2010 he was arrested and charged with simple possession of cocaine and possession of marijuana less than 20 grams in

---

[1] It is believed that Petitioner is referring to 28 U.S.C. § 1651.

[2] The Petition was not accompanied by the $5.00 habeas filing fee, nor was an in forma pauperis application provided. Petitioner shall not be required to cure this deficiency.

[3] Court personnel have contacted District Counsel for ICE in Maryland, who indicate they have no record of Petitioner's detention in this District. Indeed, Petitioner's most recent address listed on the ICE control program as of January 3, 2013 is the Krome North Service Processing and Detention Center in Miami, Florida. Krome personnel indicate Petitioner was sent to the Wakulla County Detention Center in Crawfordville, Florida. His avowed claim that he is in ICE custody in Pasadena, Maryland is a puzzlement to this Court.

[4] This Court is required to liberally construe self-represented petitions, *see Erickson v. Pardus,* 551 U.S. 89 (2007), which are held to a less stringent standard than those drafted by attorneys. *Id; Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978). When evaluating a self-represented petition, the petitioner's allegations are assumed to be true. *Erickson,* 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)).

violation of Florida statute. (ECF No. 1). Petitioner entered a guilty plea to the charge. He claims, however, that the guilty plea was not made knowingly, intelligently and voluntarily, as counsel failed to advise him of any adverse immigration consequences that would arise from said plea. He states that he did not file a direct appeal from his Florida criminal judgment, but did file a post-conviction petition which was denied in state court. (ECF No. 1).

In addition to raising a claim regarding the voluntariness of his guilty plea under *Padilla*,[5] Petitioner contends that: (1) the Florida drug statute under which he was convicted was found unconstitutional under federal district court law;[6] and (2) the cumulative effect of these errors so "infected" his plea with unfairness, rendering his conviction a "miscarriage of justice." (ECF No. 1).

Petitioners may not circumvent the requirements of § 2254 by fling a habeas corpus petition pursuant to § 2241 or under the All Writs Act. Petitioner's claims concerning the underlying validity of a Florida state criminal conviction are cognizable only under 28 U.S.C. § 2254, not under 28 U.S.C. § 2241. *See Thomas v. Crosby,* 371 F.3d 782, 787 (11th Cir. 2004) (relying on *Medberry v. Crosby,* 351 F.3d 1049 (11th Cir. 2003).[7] Where a prisoner is in custody under a state court judgment, § 2254 is exclusive jurisdictional grant. *See Coady v. Vaughn,* 251 F.3d 480 (3rd Cir.

---

[5]  *See Padilla v. Kentucky,* —— U.S. ——, 130 S.Ct. 1473 (2010) (holding "that counsel must inform [his] client whether his plea carries a risk of deportation"). As relief, Petitioner seeks an order vacating the Florida conviction because the plea was not knowing and voluntary. *Id.*

[6]  Petitioner contends that his Florida conviction is illegal under *Shelton v. Sec'y Dep't of Corr.*, 802 F.Supp.2d 1289 (M.D. Fla. 2011) (opinion declaring Florida's drug statutes unconstitutional). That determination, however, was reversed by the Eleventh Circuit Court of Appeals. *See Shelton v. Sec'y Dep't of Corr.*, 691 F.3d 1348 (11th Cir. 2012). Therefore, the case he cites to in support of his due process and other claims regarding the legitimacy of Florida drug statute affords him no relief.

[7]  *Crosby* held that a state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition.

2

2001) (state inmate challenging execution of sentence must proceed under 28 U.S.C. § 2254, not 28 U.S.C. § 2241); *Crouch v. Norris,* 251 F.3d 720, 723 (8th Cir. 2001) (same); *Walker v. O'Brien,* 216 F.3d 626, 632–33 (7th Cir. 2000) (same).

It has been specifically held that prisoners who are in custody under a state court judgment may not resort to § 2241 in an attempt to circumvent the procedural requirements of § 2254, such as the statute of limitations and the restrictions on second or successive petitions, even where the underlying validity of the state court conviction was not expressly at issue. *See, e.g., Rittenberry v. Morgan,* 468 F.3d 331, 336 n. 3, 337–38 (6th Cir.2006) (validity of conviction); *Thomas,* 371 F.3d at 787 (parole determination); *Walker,* 216 F.3d at 633 (prison disciplinary action involving loss of good time); *Greenawalt v. Stewart,* 105 F.3d 1287, 1287 (9th Cir. 1997) (manner of execution of sentence, not invalidity of conviction).[8]

Although at first glance § 2241 and § 2254 seem to provide dual avenues to habeas relief, "the majority view [is] that ... § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment." *White,* 370 F.3d at 1009–10; *see also Rittenberry,* 68 F.3d at 337–38; *Cook v. N.Y. State Div. of Parole,* 321 F.3d 274, 278–79 (2d Cir. 2003) (prisoner in custody pursuant to state court judgment must challenge incarceration through § 2254); *Coady,* 251 F.3d at 484–85 (applying principles of statutory construction to find that a prisoner held in custody pursuant to the judgment of a state court must seek habeas relief under § 2254); *Crouch,* 251 F.3d at

---

[8] *But see Gregory v. Coleman,* No. 06–6646, 2007 WL 570522 (4th Cir. Feb.20, 2007) (acknowledging the "majority" line of cases requiring state prisoners to always proceed under § 2254 and finding the ruling construing a § 2241 petitions as an untimely § 2254 petition "debatable" where the underlying validity of the state court conviction was not at issue).

3

723 (stating that § 2254 is "the only vehicle" through which a prisoner held in custody pursuant to the judgment of a state court may obtain habeas relief "no matter how his pleadings are styled"); *Walker*, 216 F.3d at 633 (recognizing § 2254 as the "exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody").[9]

It appears that this Petitioner labeled his habeas petition under § 2241 in his attempt to avoid the one-year statute of limitations placed upon § 2254 petitions. Unfortunately for Petitioner, he cannot select a label for his habeas petition and thwart Congress' statutory rules governing habeas proceedings. The record shows that Petitioner is seemingly in DHS custody based upon charges of removability under the Immigration and Nationality Act, § 237(a)(1)(B) and § 237(a)(2)(B)(I), based upon his remaining in the United States longer than permitted and for violating United States laws relating to a controlled substance other than for a single offense involving possession for one's own use of 30 grams or less of marijuana. *See Guitierrez v. U.S. Dep't of Homeland Security*, Civil Action No. 12-22499 at ECF No. 13 (S. D. Fla. 2012). He alleges that his constitutional rights were violated, and he requests that his Florida conviction be vacated by this action. Therefore, his Petition must be construed as a habeas petition pursuant to 28 U.S.C. § 2254.

When contesting a conviction and sentence of a state court, Petitioner must file the habeas corpus petition in the district where the sentencing court is located. *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 497, (1973). Venue over this Petition rests in the Middle District of Florida. While the Court is inclined to transfer the case, it observes that it is a second or

---

[9] Furthermore, the Court notes that, unlike 28 U.S.C. § 2255, § 2254 does not include a provision allowing petitioners to seek habeas relief under § 2241 if relief under § 2254 is ineffective or inadequate.

successive Petition attacking Petitioner's 2010 Florida conviction. Title 28 U.S.C. § 2244(b)(3)(A) provides that:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

A petitioner may file a second or successive habeas corpus petition only if he or she has moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir. 1996). The circuit court must enter an order authorizing the district court to consider any new § 2254 action filed by a petitioner. *See* 28 U.S.C. § 244(b)(3)(A).[10]

The pending petition appears to be a second and successive one which Petitioner has filed attacking his 2010 conviction.[11] Petitioner has received his "one bite of the apple" in that he was afforded the full opportunity to raise his habeas corpus grounds before a district court  The dismissal of his first petition as time-barred was a decision on the merits and any later habeas petition challenging the same conviction is a second or successive petition. *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011); *Quezada v. Smith*, 624 F.3d 514, 519-20 (2d Cir. 2010); *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009).[12]

---

[10] Title 28 U.S.C. ' 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[11] The Court observes that Petitioner previouslyattacked this Florida state court conviction in *Gutierrez v. State*, Civil Action No. KRS-11-1970 (M.D. Florida). That 28 U.S.C. § 2254 petition was dismissed as untimely filed.

[12] There is no showing that Petitioner has complied with the aforementioned "gatekeeper" provision and obtained an authorization order from the Eleventh Circuit. Therefore, his pending petition for

**CONCLUSION**

In sum, the "Petition for Writ of Certiorari under All Writs Act 28 U.S.C. § 1561 Consolidated with Habeas Corpus under 28 U.S.C. § 2241," construed as a 28 U.S.C. § 2254 petition for habeas corpus relief, IS DISMISSED WITHOUT PREJUDICE.

So ordered.

Dated:_____                              _____1/18/2013_____
                                                 Paul W. Grimm
                                                 United States District Judge

---

habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3). Authorization forms are to be filed in the Eleventh Circuit. It is to be emphasized that Petitioner must file the motion with the Eleventh Circuit and obtain authorization to file his successive petition before a district court may examine his claims.